## SILVER *v.* MARTIN.

A servant is not liable in trover for the conversion of a chattel, lawfully taken by him, with the consent of the owner, and delivered to his master, who wrongfully converts it to his own use.

TROVER, for a sewing-machine. Plea, the general issue. The referee found that the plaintiff purchased the machine of H., and at the time of the alleged conversion owed for a part of the purchase price. The machine being injured in the delivery, H. promised to repair it. The defendant, an agent of H., called on the plaintiff, and informed her that he was sent by H. to get the machine to have it repaired, took the machine for that purpose, with the plaintiff's consent, and carried it to the house of H., who afterwards refused, on the plaintiff's demand, to give it up unless the balance of the price due was first paid. The defendant had nothing else to do with the matter, and it did not appear that he knew that H. proposed to keep it unless the balance due should be paid.

*Chase & Streeter*, for the plaintiff.

*Andrews*, for the defendant.

ALLEN, J. If H., the vendor of the machine, obtained it from the plaintiff by falsely representing that it was being taken for repairs, it does not appear that the defendant had any knowledge of the deception, or that he was not acting in entire good faith. He took the machine with the plaintiff's consent, carried it to the vendor for repairs, as he supposed, and had no other connection with it. He did nothing unlawful, and committed nothing wrong. No demand was made upon him for the machine: he never promised to return it and never refused to, and he never converted it to his own use. In all he said and did about it he acted as the agent or servant of the vendor, and with the consent of the plaintiff. He committed no wrong himself, and it does not appear that he had any knowledge that his master intended any wrong. Being a servant, doing what he did with the consent of the plaintiff, and not knowing of any intended wrong on the part of his master, he cannot be made liable for the master's fraudulent conversion, in which he did not himself participate. *Hill* v. *Caverly*, 7 N. H. 215, 218, 219. Unless the plaintiff can show facts making the defendant a party to the wrong by act or knowledge, there must be

*Judgment for the defendant.*

FOSTER, J., did not sit: the others concurred.